Filed 1/8/20 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYAN JACK BLANCHARD,<br><br>    Defendant and Appellant. | A156720<br><br>(Contra Costa County<br>Super. Ct. No. 5-171905-3)<br><br>**ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT** |

**BY THE COURT:**

It is ordered that the opinion filed herein on December 31, 2019, be modified as follows:

1. On page 1, before the final sentence of the second full paragraph, insert the sentence "We have also considered supplemental briefing we requested on the appropriate standard for review in this appeal."

2. On page 3, in the citation at the end of the last full paragraph, the number "1370.01" is deleted and the number "1370" is inserted in its place.

3. On page 4, in the first full paragraph, in the sentence commencing with the words "A defendant," the phrase "up to one year" is deleted and the words "the shorter period of two years or the maximum time that could be imposed for his violation of probation" are inserted in its place.

4. On page 4, in the first full paragraph, after the sentence commencing with the words "A defendant," the citation "(§ 1370.01, subd. (c)(1).)" is deleted and the citation "(§ 1370, subd. (c)(1).)" is inserted in its place.

1

5. On page 4, in the first full paragraph, after the sentence commencing with the words "During such time," the citation "(§ 1370.01, subd. (c).)" is deleted and the citation "(§ 1370, subds. (a)(1)(B) & (b)(1).)" is inserted in its place.

6. On page 4, in the second full paragraph, after the sentence commencing with the words "Within 15 court days," the citation "(§ 1370.01, subd. (a)(3)(A).)" is deleted and the citation "(§ 1370, subd. (a)(2)(A).)" is inserted in its place.

7. On page 4, in the second full paragraph, the sentence "Placement in a state hospital is not permitted unless there is no 'less restrictive appropriate placement' " is deleted and the sentence "Placement is based upon State Hospital guidelines" is inserted in its place.

8. On page 4, in the second full paragraph, after the sentence commencing with the words "Within 90 days," the citation "(§ 1370.01, subd. (b).)" is deleted and the citation "(§ 1370, subd. (b).)" is inserted in its place.

9. On page 4, in the second full paragraph, after the sentence commencing with the words "If the defendant," the citation "(§ 1370.01, subd. (b).)" is deleted and the citation "(§ 1370, subd. (b).)" is inserted in its place.

10. On page 4, in the second full paragraph, after the sentence commencing with the words "Any transfer," the citation "(§ 1370.01, subd. (a)(6).)" is deleted and the citation "(§ 1370, subd. (a)(6)(A).)" is inserted in its place.

The petition for rehearing filed January 2, 2020 is denied. There is no change in the judgment.

Dated: ____01/08/2020__                     _____SIGGINS, P.J._____P.J.

Trial Court:   Superior Court of Contra Costa County

Trial Judge:   Lewis A. Davis, J.

Counsel:       First District Appellate Project, Jonathan Soglin and Jeremy Price for
            Defendant and Appellant.

            Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M.
            Laurence, Assistant Attorneys General, Seth K. Schalit and Lisa
            Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BRYAN JACK BLANCHARD,<br><br>     Defendant and Appellant. | A156720<br><br>(Contra Costa County<br>Super. Ct. No. 5-171905-3) |

Bryan Jack Blanchard appeals from an order that adjudicated him incompetent to stand trial for a probation revocation charge and committed him to the Department of State Hospitals.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine whether there are any arguable issues on appeal.  After considering whether *Wende* requires our independent review of the record in this circumstance, we conclude it does not.  Instead, we follow and apply the process for review identified by our Supreme Court in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).

We have reviewed the brief provided by appointed counsel.  It contains a summary of the relevant facts and law, and there appear to be no arguable issues to be pursued on appeal.  Accordingly, this appeal is dismissed.

## BACKGROUND

Blanchard was arrested after he was seen carrying a backpack and running away from a home that was not his own.  The homeowners identified items in the backpack as theirs.

Blanchard entered a no contest plea to second degree burglary.  The court suspended the imposition of sentence and placed Blanchard on behavioral health

1

probation for three years. Between January and November 2018, Blanchard was twice charged with violating the terms of his probation, and each time probation was reinstated. On November 29, 2018, he was charged with a third violation for a possible commercial burglary. That charge was quickly supplemented with two other charged violations.

On December 11, 2018, his counsel on the probation violation charges declared a doubt regarding Blanchard's competence to stand trial. Blanchard objected to any finding of his incompetence, and the court appointed experts to evaluate him. With the agreement of all counsel, the expert reports were admitted into evidence, and the matter was submitted. On the basis of the reports, Blanchard was found incompetent to stand trial. The court referred Blanchard to the Contra Costa Conditional Release Program (CONREP) for a recommendation regarding his proper placement. Based on the CONREP recommendation, the court committed Blanchard to a state hospital for two years. He appealed the finding of incompetency and his hospital commitment.

## DISCUSSION

"In [*Anders v. State of California* (1967) 386 U.S. 738 (*Anders*)], the United States Supreme Court held that when appointed counsel in a criminal defendant's first appeal is unable to find any arguable issues for briefing, counsel should submit a brief referring to any matters in the record that might arguably support the appeal, provide the defendant a copy, and request permission to withdraw. [Citation.] After the defendant is given the opportunity to raise any points he or she wants the appellate court to consider, the court independently reviews the proceedings to determine whether the appeal is 'wholly frivolous.' [Citation.] In *Wende*, the California Supreme Court concluded that *Anders* required the Courts of Appeal 'to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally.' [Citation.] The court further recognized that 'counsel may properly remain in the case so long as he has not described the appeal as frivolous and has informed the defendant that he may request the court to have counsel relieved if he so desires.' [Citation.]" (*People*

*v. Taylor* (2008) 160 Cal.App.4th 304, 309.) This process is commonly referred to as an *Anders/Wende* review. (*Id*. at p. 312.)

In *In re Sade C.* (1996) 13 Cal.4th 952, 959 (*Sade C.*), our Supreme Court held that *Anders/Wende* review does not apply to an indigent parent's appeal of an order terminating parental rights or a custody determination. *Sade C.* began by recognizing the obvious qualification for *Anders/Wende* review. By its very terms, the *Anders/Wende* procedures apply to appointed counsel's representation of an indigent criminal defendant in the defendant's first appeal as of right. (*Id*. at p. 982.) Beyond this obvious distinction from a dependency case, the *Sade C.* court considered whether due process required *Anders/Wende* review as a matter of fundamental fairness. The Court balanced three elements in reaching its conclusion that it does not. They are: "(1) the private interests at stake; (2) the state's interests involved; and (3) the risk that absence of the procedures in question will lead to an erroneous resolution of the appeal." (*Id*. at p. 987.)

In *Ben C.*, *supra*, 40 Cal.4th 529, the court applied the *Sade C.* factors to a request for *Anders/Wende* review of a conservatorship imposed under the Lanterman–Petris–Short Act (Welf. & Inst. Code, § 5000 et seq.) (LPS). In rejecting the necessity for such a review, the court first focused on the private and public interests at stake under the LPS scheme. It recognized that among the LPS Act's goals are the prompt evaluation and treatment of persons with serious mental disorders; individualized treatment supervision and placement services for the gravely disabled; judicial review to safeguard the rights of those involuntarily committed; and the guarantee and protection of public safety through implementation of the commitment scheme. (*Ben C.*, *supra*, 40 Cal.4th at p. 540.)

The public and private interests at stake in competency proceedings are strikingly similar to LPS commitments. Concern for prompt evaluation and treatment of mentally incompetent defendants, their individualized treatment and supervision, protection of the public, and a comprehensive system of judicial review to protect the rights of such defendants are all attributes of the statutory scheme. (See Pen. Code § 1370.01.)[1]

---

[1] Further statutory references are to the Penal Code.

Just as in the case of an LPS conservatorship, the liberty interest at stake for a defendant found incompetent to proceed is significant. A defendant who, like Blanchard, is facing probation revocation charges may be confined for treatment for up to one year. (§ 1370.01, subd. (c)(1).) During such time the criminal proceedings are suspended, and at the end of the period of commitment, the criminal proceedings may resume or long-term civil commitment proceedings may begin. (§ 1370.01, subd. (c).) "Moreover, a person suffering from a grave mental disorder is obviously in a poor position to influence or monitor counsel's efforts on his behalf." (*Ben C.*, *supra*, 40 Cal.4th at p. 540.)

But, just as in the case of LPS commitments, the scheme for mentally incompetent defendants has "several layers of important safeguards." (*Ben C.*, *supra*, 40 Cal.4th at p. 540.) Within 15 court days following a declaration of incompetence, the county mental health director or designee must file a report with the court regarding the defendant's possible suitability for outpatient treatment. (§ 1370.01, subd. (a)(3)(A).) Placement in a state hospital is not permitted unless there is no "less restrictive appropriate placement." (*Ibid.*) Within 90 days of the defendant's placement, the medical director of the facility providing treatment must report to the court on the defendant's progress toward recovery of competence. (§ 1370.01, subd. (b).) If the defendant has not regained competence, but there is a substantial likelihood he will do so in the foreseeable future, he may be retained in a treatment program and the director must report to the court at six-month intervals. (§ 1370.01, subd. (b).) Any transfer of a defendant to a different treatment facility must be authorized by the court and notice of the proposed transfer provided to the defendant's counsel. (§ 1370.01, subd. (a)(6).)

These safeguards considered in light of the facts that criminal proceedings are suspended during the defendant's period of incompetence and the commitment process is a special proceeding of a civil nature (*People v. Lawley* (2002) 27 Cal.4th 102, 131), not a criminal defendant's first appeal of right, lead us to conclude that *Anders/Wende* review is not required. Instead, we will employ the process identified in *Ben C.* Blanchard's counsel has filed a brief stating that he has found no arguable issue to be pursued on appeal, and the brief sets out the relevant facts and law. We consider counsel's brief to

4

provide an adequate basis for this court to dismiss the appeal on our own motion. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) Counsel has advised that Blanchard has been provided a copy of the opening brief and advised of his right to file a supplemental brief on his behalf. The time for Blanchard to file a supplemental brief has passed, and we did not receive any brief or response from him. (*Id.* at p. 544, fn. 6.)

Our determination to apply *Ben C.* is consistent with the cases that have considered whether *Anders/Wende* review is required in a variety of civil commitment proceedings. All employ the procedure identified in *Ben C.* (See *People v. Martinez* (2016) 246 Cal.App.4th 1226; *People v. Kisling* (2015) 239 Cal.App.4th 289; *People v. Taylor*, *supra*, 160 Cal.App.4th 304; *People v. Dobson* (2008) 161 Cal.App.4th 1422.)

**DISPOSITION**

The appeal is dismissed.

_____
Siggins, P.J.

WE CONCUR:


_____
Fujisaki, J.


_____
Petrou, J.

*People v. Blanchard*, A156720

<u>A156720/People v. Bryan Jack Blanchard</u>

Trial Court:   Superior Court of Contra Costa County

Trial Judge:   Lewis A. Davis, J.

Counsel:      First District Appellate Project, Jonathan Soglin and Jeremy Price for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Seth K. Schalit and Lisa Ashley Ott, Deputy Attorneys General, for Plaintiff and Respondent.